UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNST F., | |
| Petitioner, | Civ. No. 19-10189 (KM) |
| v. | |
| CHARLES GREEN, | OPINION |
| Respondent. | |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Ernst F.,[1] is an immigration detainee, presently held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted insofar as Petitioner will be granted a bond hearing.

## II. PROCEDURAL HISTORY

Petitioner, a native and citizen of Haiti, entered the United States as a P23 Immigrant on March 18, 1988. In March 2004, Petitioner was convicted in the Superior Court of New Jersey, Essex County of Reckless Manslaughter, in violation of N.J. Stat. Ann. § 2C:11-4(B)(1); Unlawful Possession of a Weapon, to wit: a handgun, in violation of N.J. Stat. Ann. § 2C:39-5(B); and Possession of a Weapon for an Unlawful Purpose, violation of N.J. Stat. Ann, § 2C:39-4(A). Petitioner was sentenced to eighteen years imprisonment. (DE 4-3, at 8-10.)

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, petitioner is identified herein only by his first name and last initial.

On January 4, 2017, while incarcerated in East Jersey State Prison, Petitioner was interviewed by Immigrations and Customs Enforcement ("ICE"). (DE 4-2.) ICE determined that Petitioner was subject to removal and subsequently issued Petitioner a Notice to Appear, instituting removal proceedings against him. (DE 4-1.) On September 1, 2017, Petitioner was detained by ICE pursuant to 8 U.S.C. § 1226(c) and placed into immigration detention at the Essex County Correctional Facility. Petitioner has remained in immigration custody since that time.

On July 25, 2018, Petitioner submitted an Application for Asylum, Withholding of Removal, and Relief under the Convention Against Torture. (DE 4-5, at 4.) On December 21, 2018, following an individualized hearing on the merits of his application, Petitioner's request for asylum was denied by an Immigration Judge. (*Id.* at 21.) Petitioner thereafter filed an appeal to the Board of Immigration Appeals ("BIA"). (DE 4-6.) On March 27, 2019, Petitioner also filed this petition for a writ of habeas corpus, seeking release or an individualized bond hearing to justify his continued detention. (DE 1.) Petitioner does not dispute the initial basis for his detention, but asserts that his detention has been unduly prolonged to the point of having become unconstitutional. (*Id.* at 6.)

I ordered the government to file an answer to the petition. (DE 2.) I also ordered the government to notify the Court within seven days of Petitioner's release from custody, "as well as any change in the basis for petitioner's immigration detention." (*Id.*) When the government filed their answer, they informed the Court that the BIA had dismissed Petitioner's appeal on May 21, 2019, and that Petitioner was now being detained pursuant to 8 U.S.C. § 1231(a). (DE 4-6.) Petitioner submitted two briefs in reply, both of which indicated that he had sought review from the Court of Appeals for the Third Circuit and that he had been granted a stay by the Third

2

Circuit. (DE 5, 6.) From court records, I note that on July 1, 2019, the Third Circuit did indeed grant Petitioner a temporary stay of removal. *See Francois v. Att'y Gen. of the U.S.*, No. 19-1035 (3d Cir.). Petitioner's custody status therefore reverted to pre-removal detention pursuant to § 1226(c). *See Leslie v. Att'y Gen.*, 678 F.3d 265, 270 (3d Cir. 2012) (holding that an immigration detainee will revert to pre-removal status where the detainee is granted a stay of removal by a court of appeals.) Petitioner's proceeding before the Third Circuit remains pending, and no further update of Petitioner's custody status has been submitted to this Court.

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

Under 8 U.S.C. § 1226(c), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846–47 (2018). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held § 1226(c) to be constitutional on its face. It did so, however, on the assumption that most resulting detentions would be relatively brief. *Id.* at 517–31 ("In sum, the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal.") In *Diop v. ICE/Homeland Sec.*, the Third Circuit applied the canon of constitutional avoidance

and held that § 1226(c) "authorizes only mandatory detention that is reasonable in length." 656 F.3d 221, 231–35 (3d Cir. 2011). Thus, it found that the statute contains an implicit requirement that detained persons, at some point, receive bond hearings to warrant ongoing detention. The point at which a bond hearing would be required, however, would depend on all the facts of the case. In *Chavez-Alvarez v. Warden York Cty. Prison*, the Third Circuit confirmed that there is no set point at which detention under § 1226(c) crosses the permissible line, but announced a rule of thumb that detention would become constitutionally suspect at some point between 6 and 12 months.[2] 783 F.3d 469, 473–78 (3d Cir. 2015).

In *Jennings*, however, the Supreme Court abrogated the direct holdings of *Diop* and *Chavez-Alvarez*, as a matter of statutory interpretation. Specifically, *Jennings* held that § 1226(c) does not require bond hearings to justify ongoing detention and that the canon of constitutional avoidance may not be employed to read such a requirement into the statute. *Id.* at 842, 846–47. However, the *Jennings* Court did not directly analyze the constitutionality of particular detentions under § 1226(c).

Putting these holdings together, I agree with Judge Wigenton that one challenge to a § 1226(c) detention still remains available: "an individualized as applied constitutional challenge to the statute." *Dryden v. Green*, 321 F. Supp. 3d 496, 501–02 (D.N.J. 2018) (citing *Jennings*, 138 S. Ct. at 851–52). To put it another way, for a petitioner in this situation, "*Jennings* leaves

---

[2]   In *Chavez-Alvarez*, the Third Circuit reasoned that, at least where the government fails to show bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [suggested by *Demore*], and certainly by the time [the petitioner] has been detained for one year, the burdens to [the petitioner's] liberties [will outweigh] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez*, 783 F.3d at 478.

4

open only the question of whether § 1226(c) is unconstitutional as applied to the petitioner."[3] *Id.* at 502.

The post-*Jennings* as-applied analysis, as it turns out, is very similar, and perhaps identical, to the former analysis under *Diop*. Whether detention under § 1226(c) is constitutional continues to be "a function of the length of the detention," whereby "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 232, 234; *see also Chavez-Alvarez*, 783 F.3d at 474–75. Thus, at some point, detention under § 1226(c), in an individual case, may become "so unreasonable as to amount to an arbitrary deprivation of liberty" in violation of the Due Process Clause. *Dryden*, 321 F. Supp. 3d at 502; *see also Demore*, 538 U.S. at 432; *Chavez-Alvarez*, 783 F.3d at 474.

No particular number of months marks the border between constitutional and unconstitutional detention, but some guidelines can be gleaned from the case law. Judges in this district have previously found detention for a year, or just over a year, insufficient to support an as-applied challenge to a § 1226(c) detention. *See, e.g., Charles A. v. Green*, No. 18-1158, 2018 WL 3360765, at *5 (D.N.J. July 10, 2018). Longer periods of detention without a bond hearing, however, have been found to violate due process. *See Thomas C. A. v. Green*, No. 18-1004, 2018 WL 4110941, at *5–6 (D.N.J. Aug. 29, 2018) (15 months); *K.A. v. Green*, No. 18-3436, 2018 WL 3742631, at *4 (D.N.J. Aug. 7, 2018) (19 months).

---

[3] I have abbreviated the reasoning of Judge Wigenton's opinion, with which I agree. In dictum, while discussing a detention under a different section, § 1226(a), the Third Circuit recently noted that "*Jennings* did not call into question the *constitutional* holding in *Diop* that detention under § 1226(c) may violate due process if unreasonably long." *Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018) (emphasis added); *see also Dryden*, 321 F. Supp. 3d at 502.

Here, Petitioner has been detained for over two years. Although it appears that various continuances were granted at Petitioner's request during his immigration proceedings, there is no indication that Petitioner requested these continuances in bad faith or for the purposes of delay. Nor is the government responsible for Petitioner's having obtained a stay and reverted to pre-removal status. Still, the Third Circuit has cautioned against denying relief when to do so would "effectively punish [the petitioner] for pursuing applicable legal remedies." *Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270–71 (3d Cir. 2012) (internal quotation marks omitted), *abrogated in part and on other grounds by Jennings*, 138 S. Ct. at 847.

Given these circumstances and the length of petitioner's detention, I conclude that continuing the detention without a bond hearing would be arbitrary under the Due Process Clause of the Fifth Amendment and an unconstitutional application of § 1226(c). Accordingly, I will order the government to provide Petitioner with a bond hearing within 14 days.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition (DE 1) will be granted insofar as I will order that Petitioner receive a bond hearing within 14 days. An appropriate order follows.

DATED: October 18, 2019

KEVIN MCNULTY
United States District Judge